UNITED STATES DISTRICT COURT             SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| LANCE SHEARER, | § | |
| | § | |
| Plaintiff, | § | |
| *versus* | § | CIVIL ACTION H-07-1193 |
| | § | |
| SOUTHWEST SERVICE LIFE | § | |
| INSURANCE COMPANY, *et. al.,* | § | |
| | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1.      *Introduction.*

Lance Shearer has an insurance policy.  He has sued on a variety of claims. Because the Employment Retirement Income Security Act of 1974 preempts his state-law claims, he will not recover.

Shearer also argues that the policy is ambiguous.  It is not.

2.      *Background.*

Lance Shearer is employed by Intercontinental Materials Management, Inc., as a director and vice president.  Shearer's mother is president of Intercontinental, and each owns fifty percent of the stock of the company.  Shearer had Intercontinental buy medical insurance for himself and his family from Southwest Service Life Insurance Company.

Shearer paid the initial and all later premiums with checks drawn on Intercontinental's bank account.  Shearer and his mother claim that the sole reason for paying for the policy through Intercontinental funds was tax-based, and furnishing its employees with retirement benefit was not a factor in purchasing the plan.  Other than Shearer and his mother, at the time Intercontinental paid for these policies, no premiums were made for the company's other employees.

In March 2005, Shearer's son suffered a skull fracture. The injury required immediate transfer by aircraft to a Lubbock, Texas, trauma center. A successful surgery was performed.

Through Intercontinental, Shearer filed claims for his son's injuries with Southwest. The insurance company denied part of Shearer's claim, including portions of the hospital charge, physician fees, and air-transport fee. Shearer received $10,609.25 on his $62,594.00 claim. In March 2007, Shearer sued Southwest in state court.

Southwest removed the case on its federal question. Southwest claimed ERISA, a federal statute, governed Shearer's policy. Shearer moved to remand. The motion was denied.

Southwest has now moved for summary judgment asserting that all of Shearer's state law claims are preempted by ERISA.

3.    *ERISA.*

An insurance policy is governed by ERISA if it (a) qualifies as an employment benefit plan and (b) is established by an employer. An employment benefit plan exists if a "reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Hansen v. Continental Insurance Co.,* 940 F.2d 971, 977 (5th Cir. 1991). The policy meets these criteria; a reasonable person would conclude that the intended benefits were medical insurance, that the beneficiary was Lance Shearer, and that the premiums were paid by Intercontinental.

The fact that a plan exists, however, does not necessarily mean that the plan is an ERISA plan. An employer must establish and maintain the plan. Policies paid for by an employer offer substantial evidence that a plan has been established by an employer. *Kidder v. H & B Marine*, 932 F.2d 347, 353 (5th Cir. 1991). The law does not regulate bare purchases of health insurance where "the purchasing employer neither directly nor indirectly owns, controls, administers, or assumes responsibility for the policy or its benefits." When a trust pools premiums and supplies group insurance to employers too small to qualify for group rates on their own, they are acting as a broker, and it is not a plan; although the sponsoring employer may have a plan that uses the policy bought through the trust. Without ownership, control, or responsibility for the policy benefits, ERISA does not apply. *Taggart Corporation v. Life and Health Benefits Admin., Inc.*, 617 F.2d 1208, 1211 (5th Cir. 1980).

Intercontinental paid for Shearer's health insurance.  Whatever Shearer and Intercontinental's hidden intentions when they opted to pay for the policy, the act of paying is objective evidence of an intent by Intercontinental to supply insurance to an employee.  The Shearers' purpose of cheating on taxes does not change the status of the policy.  Also, Shearer is an employee of Intercontinental; the members of a trust are individual employers with separate employees.  Intercontinental has control and responsibility over the policy premiums, amounting to more than a simple purchase.  Intercontinental established and maintained the plan, and it is governed by ERISA.

4.      *Preemption.*

Shearer's state-law claims are barred because the insurance policy is an ERISA plan.  ERISA broadly preempts state laws that regulate employee benefit.  29 U.S.C. § 1132(a); *See, Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1989).

Shearer argues, however, that his claims under the Texas Insurance Code for misrepresentation, fraud, and deceptive practices are not preempted.  ERISA's savings clause exempts state laws which regulate insurance companies.   29 U.S.C. § 1144(b)(2)(A).  Shearer contends that since his claim arises under the Texas Insurance Code his claim is not preempted.

In ERISA, Congress carefully balanced "the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life,* 481 U.S. 41 at 54.  Shearer seeks remedies in a state-law suit that are not available.  *See, Ramirez v. Inter-Continental Hotels*, 890 F.2d 760, 763-64 (5th Cir. 1989) (specifically preempting article 21.21 of the Texas Insurance Code).

Shearer has no facts to support his fraud pleadings.  He disagrees with the effect of the policy.  The policy is manifestly limited.

5.      *Claims Payment.*

When an insurance claim is subject to ERISA, the insurance plan administrator's decisions on benefits will only be altered if the administrator acted arbitrarily.  *Jenkins v. Cleco Power, LLC,* 487 F.3d 309, 314 (5th Cir. 2007).

Shearer argues that Southwest did not adjust his claims under the schedule in the policy.  Shearer has failed to point to one instance where the awarded benefit did not

conform to the schedule.  Additionally, Shearer's own understanding of the schedule largely conforms with the benefits actually awarded.  Shearer is entitled to a "daily hospital benefit" subject to a $1,000 per day aggregate for hospital confinement and $1,500 per day aggregate for intensive care confinement.  According to the claims-paid list, Shearer received benefits of $4,000 for his hospital charge claim – three days at $1,000 and one day at $1,500, minus a $500 deductible.  This benefit conforms with the aggregate-award schedule even as Shearer understood it.  In fact, every benefit granted or denied to Shearer is consistent with the schedule.  The record overwhelmingly supports the administrator's decisions; they were not arbitrary.

6.     *Ambiguousness*.

Shearer argues that the insurance policy "violates black-letter contract law" by failing adequately to define the benefits.  Again, Shearer makes broad claims but fails to point to a specific ambiguity.

The policy is clear.  Also, Shearer's sworn declaration shows that he understood its limitations on his benefits.

7.     *Conclusion*.

This case is an example of a client who is unhappy with the way things turned out and who has been given false hopes by a lawyer using the costs of litigation to force a settlement.  The national government's preemption of lawsuits – except in a narrow range – keeps people like this from draining the resources available for paying premiums, administrative costs, and benefits with their extortionate litigation.

The insurance policy is fully controlled by ERISA and all of Shearer's state law claims are preempted.  The decisions of the policy's administrator are supported by the record, were not arbitrary, and the plan is not ambiguous.  All of these theories have been repeatedly tried and have been uniformly rejected.  Raising them again – and without supporting facts – is bad faith.



Southwest's motion for summary judgment will be granted.


Signed on July 31, 2007, at Houston, Texas.


_____
Lynn N. Hughes
United States District Judge